# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CITY OF BECKLEY,**
**Employer Below, Petitioner**

**FILED**
**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-329**        (JCN: 2020007546)

**PHILIP LAW,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner City of Beckley appeals the November 28, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Philip Law filed a timely response.[1] City of Beckley filed a timely reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order granting Mr. Law an 8% permanent partial disability ("PPD") award and instead granting a 21% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 13, 2019, Philip Law, a City of Beckley maintenance worker, was injured when he slipped and fell down a hillside. Mr. Law sustained injuries to his left pinky finger, left ring finger, left wrist, and both knees. His claim was held compensable for bilateral knee sprain, sprain of left wrist, sprain of left little finger, and tear of bilateral medial menisci of his knees.

On October 30, 2020, Mr. Law underwent arthroscopies and medial meniscal excisions and debridements of both patellofemoral and medial knee joints. Following the surgery, he developed deep vein thromboses ("DVT") of his left and right lower extremities and multiple pulmonary emboli. As a result, he required additional surgery on November 17, 2020, for percutaneous ileal-femoral-caval thrombectomy with lytic therapy, and another surgery on March 5, 2021, to remove an inferior vena cava filter which had been

---

[1] The petitioner is represented by Jeffrey M. Carder, Esq. The respondent is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq.

placed previously. Mr. Law has stated he will remain on anticoagulation medications for life.

On March 9, 2021, Joseph E. Grady, II, M.D., performed an independent medical evaluation ("IME") to assess Mr. Law's permanent disability rating. He noted that Mr. Law reported discomfort in his knees, but he found that both knees could perform 120 degrees of flexion. Finding no knee range of motion impairment pursuant to the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Grady recommended that Mr. Law receive 2% whole person impairment ("WPI") for the bilateral meniscectomies, and 6% WPI for the left lower extremity impairment for the peripheral vascular disease due to the blood clot. Combining the two impairment findings, and with no basis for apportionment for the bilateral knee surgery or peripheral vascular disease, Dr. Grady found a total of 8% WPI. He did not rate Mr. Law's left wrist or hand. Based on Dr. Grady's evaluation, the claim administrator granted Mr. Law an 8% PPD award on April 8, 2021. Mr. Law protested the award.

On February 23, 2022, chiropractor Michael J. Kominsky, D.C., performed an IME. Dr. Kominsky found a severely limited range of motion in both Mr. Law's knees, exceeding the 1% WPI for each meniscectomy, so he used the range of motion calculations in the *Guides*, finding a 4% WPI in each knee. Dr. Kominsky found a 10% WPI for peripheral vascular disease and a 4% WPI for range of motion impairment in Mr. Law's left wrist. Combining these values, Dr. Kominsky found Mr. Law had 20% WPI.

On May 4, 2022, Bruce A. Guberman, M.D., performed an IME, and using the *Guides*' range of motion model for Mr. Law's knees, found 4% WPI in the right knee and 8% WPI in the left knee. He found 8% WPI for peripheral vascular disease, and 3% WPI for the ongoing requirement for anticoagulation medication. For Mr. Law's left wrist/hand, he found a 1% range of motion WPI. In total, Dr. Guberman found 21% WPI.

On May 12, 2022, Syam B. Stoll, M.D., performed an IME using the *Guides*. Dr. Stoll found no range of motion impairment in the right knee, however, he recommended a 1% WPI for the medial meniscectomy. He found sufficient range of motion impairment in Mr. Law's left knee to recommend a 4% WPI. Dr. Stoll found a 1% WPI for the left hand but did not address the left wrist as he incorrectly believed the wrist was not compensable. For the DVT/pulmonary emboli/anticoagulant issue, Dr. Stoll used a model for hemorrhagic disorders in platelets to find a 6% WPI. Combining all values, Dr. Stoll found a 12% WPI for Mr. Law.

Dr. Stoll was also specifically asked by counsel for the City of Beckley to opine regarding errors made by the other evaluators. He found that Dr. Grady erred by calculating peripheral vascular disease using an impairment based on peripheral edema, which Dr. Stoll said was not supported by the claim, and also by failing to rate the left hand fingers. Dr. Stoll found that Dr. Kominsky erred by using the range of motion model for the right

2

knee, which he said resulted in an inflated impairment, and by calculating the peripheral vascular disease in the same manner as Dr. Grady did. Dr. Stoll also argued that Dr. Kominsky incorrectly formulated an impairment for the left wrist. Finally, Dr. Stoll found that Dr. Guberman erred by also using the range of motion model to assess the right knee, by rating the left wrist, and by calculating the peripheral vascular disease by using the same method as Drs. Grady and Kominsky.

Both Mr. Law and the City of Beckley submitted closing arguments[2] to the Board and all four IME reports were considered. The Board noted that evidence of PPD "in the form of testimony and reports by physicians and other experts may be submitted. The fact that a particular expert may find a certain percentage of permanent partial disability does not mean the Board of Review is required to accept it." The Board observed that Dr. Grady failed to evaluate Mr. Law's left wrist, and that Dr. Stoll stated that the left wrist was not compensable, despite the claim administrator's order to the contrary. The Board determined that the reports by Dr. Grady and Dr. Stoll were not reliable because they did not consider all the compensable components of the claim. On the other hand, the Board found that both Dr. Kominsky and Dr. Guberman considered all the compensable conditions, including the left wrist, and that their findings were equal in evidentiary weight. The Board concluded that Mr. Law had a 21% WPI based on Dr. Guberman's report, and so ordered on November 28, 2022. It is from this order that the City of Beckley now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

---

[2] The Board's order does not provide any information about what the parties argued in their closing arguments.

*Duff v. Kanawha Cnty. Comm'n*, 247 W.Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, the City of Beckley argues that the Board erred in finding that Dr. Guberman's report was the most reliable because Dr. Guberman failed to apportion for preexisting knee impairment. However, we find no supporting medical opinion for this argument in the record. Dr. Grady, whose report served as the basis of the April 8, 2021, order, did not apportion any amount of impairment for preexisting conditions. The City of Beckley did not produce any medical opinion suggesting that apportionment was appropriate in this case. Even Dr. Stoll, when specifically asked to opine about errors made by the other medical evaluators, did not find fault with any of them for failing to apportion for preexisting impairments. The City of Beckley produced no other medical opinion evidence that rebutted Dr. Guberman's methodology or conclusions.

After review, we conclude that the Board was not clearly wrong in finding that Dr. Guberman's report was of equal evidentiary weight with Dr. Kominsky's because they were the only evaluators who considered all the compensable components of Mr. Law's claim in assessing his impairment. Further, the Board was not clearly wrong to adopt the findings of Dr. Guberman because when there is a finding that an equal amount of evidentiary weight exists regarding an issue, the resolution that is most consistent with the claimant's position will be adopted. *See* W. Va. Code § 23-4-1g (2003).

Finding no error in the Board's November 28, 2022, order, we affirm.

Affirmed.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen